IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| AARON JACKSON,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>O.K. GROCERY COMPANY, INC.,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 11-0231 |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.

June 2, 2011

This is an employment action alleging interference with and retaliatory discharge based on Aaron Jackson's exercise of his rights under the Family and Medical Leave Act. Before the court is O.K. Grocery Company, Inc.'s motion to dismiss or stay the instant case due to pending arbitration proceedings [doc. no. 7]. These arbitration proceedings began before Jackson filed this suit in federal court. Thus far in the arbitration the parties, who are represented by the same attorneys as have entered their appearances in this case, have engaged in discovery and participated in a twelve hour arbitration hearing. Both parties will be filing briefs in support of their respective positions in the coming weeks. A decision from the arbitrator is expected by July 22, 2011. For the reasons that follow, we deny O.K. Grocery's motion.

According to O.K. Grocery, this court lacks subject matter jurisdiction because Jackson has raised the same objection to his termination in the arbitration proceeding as he has raised in his complaint. Assuming for purposes of deciding this motion that this factual statement is true, it does not follow that this court is divested of subject matter jurisdiction as a result. Instead, the United States Supreme Court has repeatedly and consistently held that an employee is permitted to pursue both his right to arbitrate an employment dispute under a collective bargaining agreement and his right to bring an employment discrimination lawsuit in federal court unless the collective bargaining agreement "clearly and unmistakably" waives the employee's right to a federal judicial forum for statutory claims of employment discrimination. 14 Penn Plaza LLC v. Pyett, ___ U.S. ___; 129 S.Ct. 1456, 1465-69 (2009); Wright v. Universal Maritime Service Corp., 525 U.S. 70, 79-82 (1998); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991); McDonald v. City of West Branch, 466 U.S. 284, 290 (1984); Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728, 729-31 (1981); Alexander v. Gardner-Denver Comp., 415 U.S. 36, 48, 59-60 (1974).

Jackson, as a member of the Teamsters, Local Union 636, is subject to a collective bargaining agreement. [see doc. no. 7, Ex. 1]. As an initial matter, O.K. Grocery contends,

2

without citation to any precedent, that we need not even look to the language of the CBA to determine whether Jackson has waived his right to bring suit in federal court because Jackson has "conceded [the issue] by… voluntarily submit[ing] all of his FMLA claims to arbitration." [doc. no. 8 at 7; see also doc. no. 15 at 2]. O.K. Grocery's failure to identify authority in support of this contention is not surprising given that it is contrary to law. The Supreme Court has repeatedly held that an employee does not waive his right to a federal judicial forum by first submitting his complaints to arbitration in accordance with the terms of a collective bargaining agreement if the CBA does not clearly and unmistakably waive such right. Pyett, 129 S.Ct. at 1467 (citing McDonald, 466 U.S. at 285, 290; Barrentine, 450 U.S. at 729-30; Gardner-Denver, 415 U.S. at 52).[1]

It is the language of the CBA, and not the actions of the employee, that determine what rights the union has, and has not, waived on behalf of its members. Id.; see also Richards v. Centre Area Transportation Authority, 2009 WL 533047, *4 (M.D. Pa. Mar. 3, 2009). In order for a union to waive its employees' rights to a federal judicial forum for statutory anti-

---

[1] The Pyett Court held that Gardner-Denver did not forbid enforcement of a provision in a CBA that clearly and unmistakably required union members to arbitrate claims arising under the ADEA. Pyett, 129 S.Ct. at 1461. Contrary to O.K. Grocery's contention, Pyett did not eviscerate Gardner-Denver, which held only that arbitration under a CBA is not preclusive where the CBA does not mandate arbitration of statutory claims. Id. at 1467. Because we conclude below that Jackson's CBA does not mandate arbitration of statutory claims, the holding of Gardner-Denver remains directly applicable to this case.

discrimination claims, the agreement to arbitrate such claims in the CBA must be "clear and unmistakable." Wright 525 U.S. at 80-81. If the language of the CBA does not meet this standard, then the union has not waived its employees' rights to pursue such claims in federal court. If an employee's right to a federal judicial forum is not waived, the employee can pursue remedies in federal court, regardless of whether he has participated in an arbitration proceeding pursuant to a CBA.

We find that Jackson's CBA does not waive his right to a federal judicial forum for his FMLA claims. The CBA sets forth a progressive grievance procedure that governs "differences or complaints over the interpretation or application of the terms of [the CBA]." [doc. no. 7, Ex. 1 at Art. IX(A)].² According to the CBA, if a dispute cannot be resolved during a meeting of the Principal Officer of the Union and the Company's Administrative Executive, either party "may request arbitration." [Id. at Art. IX(A)(4)]. The grievance procedure goes on to set forth the process and time line to be followed if either party elects arbitration. [Id. at Art. IX(B)-(D)].

---

² We may consider an indisputably authentic document attached to a motion to dismiss if that document is integral to the complaint. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, as O.K. Grocery is making a factual attack under Federal Rule of Civil Procedure 12(b)(1), we may consider documents outside of the complaint. CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008); Turicentro, S.A. v. American Airlines Inc., 303 F.3d 293, 300 n.4 (3d Cir. 2002).

Under the CBA, arbitration is not mandatory, binding, or exclusive. In addition, the arbitration provision fails to specifically reference the employees' statutory non-discrimination rights. In fact, the arbitration provision does not mention non-discrimination at all[3], but is instead directed only toward contractual disputes involving application and interpretation of the CBA itself. As a result, pursuant to controlling Supreme Court precedent, this CBA cannot waive Jackson's right to bring suit to enforce his statutory non-discrimination rights in federal court, making Jackson's participation in the arbitration proceedings not preclusive. Pyett, 129 S.Ct. at 1461, 1467; compare e.g., Pyett, 129 S.Ct. at 1461 (finding a waiver of federal judicial forum where CBA stated that all claims of discrimination, including those made pursuant to Title VII, the ADA, the ADEA, and any other similar laws "shall be subject to the grievance and arbitration procedures… as the sole and exclusive remedy for violations"), to Wright, 525 U.S. at 80 (finding no waiver of right to a federal judicial forum for an ADA claim where a general arbitration provision in CBA was applicable to all "matters under dispute" and did not specifically incorporate statutory

---

[3] Although O.K. Grocery contends in its reply brief that the CBA includes a non-discrimination clause and an Attendance Policy that specifically references FMLA absences, it has failed to provide the court with these portions of the CBA. [doc. nos. 7, Ex. 1 & 15 n.1].

anti-discrimination requirements, or contain any non-discrimination provision at all).

Alternatively, O.K. Grocery asks that all proceedings in this case be stayed until after the arbitrator renders her final decision. However, because the arbitrator's decision will not be binding on this court, there is no reason to delay the proceedings in this matter to await its issuance. Gardner-Denver, 415 U.S. at 59-60 & n.21; Bolden v. SEPTA, 953 F.2d 807, 825-26 (3d Cir. 1991). We will discuss with the parties at the June 17, 2011 Initial Scheduling Conference the status and scope of the arbitration proceeding. We acknowledge that the arbitration proceeding will have an effect on the amount of discovery needed in this case, and on our scheduling of this matter. However, staying this litigation entirely to await the arbitrator's non-binding decision will serve no valid purpose.

An appropriate order will be filed contemporaneously with this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AARON JACKSON,
      Plaintiff,

      v.

O.K. GROCERY COMPANY, INC.,
      Defendant.

Civil Action No. 11-0231

ORDER

AND NOW, this 2nd day of June, 2011, it is HEREBY ORDERED that O.K. Grocery Company, Inc.'s motion to dismiss or stay [doc. no. 7] is DENIED.

BY THE COURT,

, C.J.

cc:   All Counsel of Record